Timothy B. Smith (8271)
Kara M. Houck (8815)
PARR BROWN GEE & LOVELESS
185 South State Street, Suite 800
Salt Lake City, Utah  84111
Telephone:  (802) 532-7840
Facsimile: (801) 532-7550

Attorneys for JayBird Gear, LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAYBIRD GEAR, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FREEBIT AS, a Norwegian corporation,<br><br>Defendant. | **COMPLAINT**<br><br>**(Jury Trial Requested)**<br><br>Case No.<br><br>Judge |

Comes now Plaintiff JayBird Gear, LLC ("JayBird") to complain against Defendant Freebit AS ("Freebit") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff JayBird is a Utah limited liability company with its principal place of business in Salt Lake County, Utah.

2. On information and belief, Defendant Freebit is a corporation organized and existing under the laws of the nation of Norway, with a place of business at Dronningens gate 3, N-0152 Oslo, Norway.

1

3. This is an action for declaratory judgment of non-infringement (whether directly or indirectly by inducement or contributory infringement), invalidity, and unenforceability of U.S. Patent No. 6,944,307 (the "'307 Patent") pursuant to 28 U.S.C. § 2201 and Title 35 of the United States Code. A real case and controversy exists because Freebit has asserted that JayBird is infringing the '307 Patent.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because the controversy involves a federal question and arises under an Act of Congress relating to patents.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because by sending a letter to JayBird asserting that JayBird has infringed the '307 Patent Freebit is subject to personal jurisdiction in this judicial district and is attempting to enforce the '307 Patent against JayBird in this judicial district.

## GENERAL ALLEGATIONS

6. JayBird is the manufacturer of innovative Bluetooth wireless headsets.

7. On information and belief, Freebit is the owner of the '307 Patent.

8. On or about June 17, 2011, Freebit through its counsel sent a letter to JayBird, accusing JayBird of infringing the '307 Patent. A true and correct copy of the letter sent by Freebit is attached hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement)**

9. JayBird realleges paragraphs 1 through 8 as if fully set forth herein and further alleges as follows:

10. The claims of the '307 Patent purport to cover a microphone/earpiece device for a mobile telephone, telephone exchange or the like that has, among other things, "a stabilizing strut for

2

the earpiece" that lowers the center of gravity of the earpiece and "a sufficient space between the earpiece casing and the auditory canal of the ear, for comfort, for air to circulate for and for acoustical reasons."

11. During the prosecution of the '307 Patent, the inventor asserted that the purpose of the invention was to permit use of an earpiece without the need to place a foreign object into the ear canal.

12. JayBird's products require that a portion of an earpiece be inserted into the ear canal.

13. JayBird's products do not utilize a stabilizing strut that lowers the center of gravity. Nor do JayBird's products allow for a sufficient space between the earpiece casing and the auditory canal of the ear, for comfort, for air to circulate for and for acoustical reasons. Thus, none of JayBird's products meet each element of any the claims of the '307 Patent, and therefore none of them infringe the '307 Patent.

14. JayBird has not and does not make, use, offer to sell, or sell or import any products covered by any claim of the '307 Patent.

15. JayBird's customers do not infringe the '307 Patent as alleged by Freebit because JayBird's products do not infringe the '307 Patent.

16. Furthermore, JayBird has not knowingly made any product especially adapted for use in infringement of the '307 Patent, and all products made and/or sold by JayBird have substantial non-infringing uses.

17. JayBird is not liable as a contributory infringer of the '307 Patent.

18. JayBird has not instructed its customers how to use its products in a manner that would infringe the '307 Patent.

4844-4152-1673

19. JayBird has not actively induced infringement of the '307 Patent.

20. JayBird is entitled to an order of declaratory judgment that it does not and has not infringed the '307 Patent either directly, by inducement, or as a contributory infringer.

21. This case is exceptional under 35 U.S.C. § 285. JayBird is entitled to its reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity – 35 U.S.C. §102(a)/(e))**

22. JayBird realleges paragraphs 1 through 21 as if fully set forth herein and further alleges as follows:

23. On information and belief, the alleged invention claimed in the '307 Patent was known or used by others in the United States, or described in a printed publication, before the invention thereof by the applicants for the '307 Patent.

24. On information and belief, the invention was described in a published patent application filed in the United States before the alleged invention by the applicants for the '307 patent or was disclosed in a patent granted on an application for patent filed in the United States before the alleged invention by the applicants for the '307 Patent.

25. The '307 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e).

26. Freebit knew or should have known that the '307 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e).

27. JayBird is entitled to an order of declaratory judgment that that the '307 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e).

28. This case is exceptional under 35 U.S.C. § 285. JayBird is entitled to its reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity – 35 U.S.C. §102(b))

29. JayBird realleges paragraphs 1 through 28 as if fully set forth herein and further alleges as follows:

30. The alleged invention claimed in the '307 Patent was described in a printed publication more than one year before the '307 Patent Application was filed.

31. The alleged invention claimed in the '307 Patent was in public use and/or on sale in this the United States more than one year before the '307 Patent Application was filed.

32. The '307 Patent is invalid under 35 U.S.C. §102(b).

33. Freebit knew or should have known that the '307 Patent is invalid under 35 U.S.C. §102(b).

34. JayBird is entitled to an order of declaratory judgment that that the '307 Patent is invalid under 35 U.S.C. §102(b).

35. This case is exceptional under 35 U.S.C. § 285. JayBird is entitled to its reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity – 35 U.S.C. §103)

36. JayBird realleges paragraphs 1 through 35 as if fully set forth herein and further alleges as follows:

37. The subject matter claimed in the '307 Patent as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art.

38. Each of the elements claimed in the '307 Patent was well known in the art prior to the alleged invention thereof.

4844-4152-1673

39. The '307 Patent is invalid under 35 U.S.C. §103 as obvious.

40. Freebit knew or should have known that the '307 Patent is invalid under 35 U.S.C. §103.

41. JayBird is entitled to an order of declaratory judgment that that the '307 Patent is invalid as obvious under 35 U.S.C. §103.

42. This case is exceptional under 35 U.S.C. § 285. JayBird is entitled to its reasonable attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity – 35 U.S.C. §112)**

43. JayBird realleges paragraphs 1 through 42 as if fully set forth herein and further alleges as follows:

44. The claims of the '307 Patent are not fully supported by the specification as originally filed in the '307 Patent Application.

45. The '307 Patent specification does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the alleged invention, or, on information and belief, set forth the best mode contemplated by the alleged inventor of carrying out the alleged invention.

46. The '307 Patent is invalid under 35 U.S.C. §112.

47. Freebit knew or should have known that the '307 Patent is invalid under 35 U.S.C. §112.

48. JayBird is entitled to an order of declaratory judgment that that the '307 Patent is invalid as under 35 U.S.C. §112.

6

49. This case is exceptional under 35 U.S.C. § 285. JayBird is entitled to its reasonable attorneys' fees.

**JURY DEMAND**

JayBird hereby demands a jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JayBird prays for judgment against Freebit as follows:

A. For declaratory judgment that:

1. JayBird does not and has not infringed the '307 Patent either directly, by inducement, or as a contributory infringer;

2. the '307 Patent is invalid under 35 U.S.C. §102(a) and/or 35 U.S.C. §102(e);

3. the '307 Patent is invalid under 35 U.S.C. §102(b);

4. the '307 Patent is invalid as obvious under 35 U.S.C. §103;

5. the claims of the '307 Patent are invalid for lack of enablement under 35 U.S.C. §112 or because Freebit failed to disclose the best mode.

B. For injunctive relief enjoining Freebit from improperly asserting that JayBird or JayBird's customers infringe the '307 Patent;

C. For judgment that this case is exceptional under 35 U.S.C. § 285;

D. For costs and attorneys fees; and

E. For such other relief as the Court considers just.

4844-4152-1673

DATED this 8th day of July, 2011.

                        PARR BROWN GEE & LOVELESS

                        By: <u>s/s Timothy B. Smith</u>
                            Timothy B. Smith
                            Kara M. Houck
                            Attorneys for Plaintiff JayBird Gear, LLC

4844-4152-1673